UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DENNIS WOODWARD, ROBERT LAWS, and VERNON L. CROMUEL, Individually and On Behalf of All Others Similarly Situated,<br><br>       Plaintiffs,<br><br>v.<br><br>SEADRILL AMERICAS, INC.,<br><br>       Defendant. | No. 4:16-cv-03022<br><br>JURY TRIAL DEMANDED |

**PLAINTIFFS' FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Plaintiffs Dennis Woodward, Robert Laws and Vernon L. Cromuel (referred to as "Plaintiffs") bringing this collective action and lawsuit on behalf of themselves and all other similarly situated employees to recover unpaid overtime wages from Defendant Seadrill Americas, Inc. (referred to as "Defendant" or "Seadrill Americas"). In support thereof, he would respectfully show the Court as follows:

**I. Nature of Suit**

1.   Plaintiffs' claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

2.   The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency

and general well-being of workers … ." 29 U.S.C. § 202(a).  To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and recordkeeping requirements for covered employers.  29 U.S.C. §§ 206(a), 207(a), 211(c).

3. Seadrill Americas violated the FLSA by employing Plaintiffs and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed."  29 U.S.C. § 207(a)(1).

4. Seadrill Americas violated the FLSA by failing to maintain accurate time and pay records for Plaintiffs and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

5. Plaintiffs bring this collective action under 29 U.S.C. § 216(b) on behalf of themselves and all other similarly situated employees to recover unpaid overtime wages.

## II. Jurisdiction & Venue

6. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

7. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1), (2) because Seadrill Americas resides in the Houston Division of the Southern District of Texas and/or a substantial part of the events or omissions giving

rise to Plaintiffs' claims occurred in the Houston Division of the Southern District of Texas.

### III.  Parties

8.   Woodward is an individual who resides in Jackson County, Mississippi and who was been employed by Seadrill Americas during the last three years.

9.   Robert Laws is an individual who resides in Washington Parish, Louisiana and who was employed by Seadrill Americas during the last three years.

10.   Vernon L. Cromuel is an individual who resides in Virginia Beach, Virginia and who was employed by Seadrill Americas during the last three years.

11.   Seadrill Americas, Inc. is a Texas corporation that may be served with process by serving its registered agent, CT Corporation System, at 1999 Bryan Street, Suite 900, in Dallas, Texas 75201.  Alternatively, if the registered agent of Seadrill Americas, Inc. cannot with reasonable diligence be found at the company's registered office, Seadrill Americas, Inc. may be served with process by serving the Texas Secretary of State pursuant to Tex. Bus. Org. Code § 5.251 and Tex. Civ. Prac. & Rem. Code § 17.026.

12.   Whenever it is alleged that Seadrill Americas committed any act or omission, it is meant that the Seadrill Americas' officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Seadrill Americas or was done in the routine and normal

course and scope of employment of Seadrill Americas' officers, directors, vice-principals, agents, servants or employees.

## IV.  Facts

13.  According to its website, Seadrill Americas is "a world leader in offshore deepwater drilling[]"; it does business in the territorial jurisdiction of this Court.

14.  Seadrill Americas employed Plaintiffs to work on its drilling rigs in various positions for various time periods.

15.  Woodward was employed with Seadrill Americas from approximately April 2008 through May 2015 as a rig welder.

16.  Laws was employed with Seadrill Americas from approximately October 2013 through the present as a boatswain.

17.  Cromuel was employed with Seadrill Americas from approximately June 2013 through January 2014 as a second engineer.

18.  During Plaintiffs' employment with Seadrill Americas, they were engaged in commerce or the production of goods for commerce.

19.  During Plaintiffs' employment with Seadrill Americas, the company was an enterprise engaged in commerce because it (1) has employees engaged in commerce or in the production of goods for commerce or had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others and (2) has an annual gross volume of sales made or business done of at least $500,000.

20. Seadrill Americas paid Plaintiffs on an hourly basis.

21. Plaintiffs regularly worked over forty hours per week.

22. Seadrill Americas knew or reasonably should have known that Plaintiffs worked over forty hours per week.

23. Seadrill Americas did not pay Plaintiffs overtime "at a rate not less than one and one-half times the regular rate at which [they were] employed." 29 U.S.C. § 207(a)(1).

24. Instead, Seadrill Americas refused to pay Plaintiffs for all hours worked and to count that time towards its statutory overtime obligations under 29 U.S.C. § 207 (i.e., they required Plaintiffs to work "off-the-clock").

25. By way of example, Seadrill Americas did not pay Plaintiffs for (or count towards its statutory overtime obligations) the following compensable time:

> a. pre-shift (also known as "pre-tower") safety meetings, which normally lasted at least 30 minutes;
>
> b. weekly safety meetings, which normally lasted between 45 minutes and 60 minutes;
>
> c. pre-travel safety meetings (i.e., safety meetings that Plaintiffs were required to attend prior to boarding the helicopter that transported them to the drilling rigs);
>
> d. time spent traveling from heliports to the drilling rigs;
>
> e. shift changes; and
>
> f. fire drills.

26. As a result of these failures, Seadrill Americas did not pay Plaintiffs overtime "at a rate not less than one and one-half times the regular rate at which [they were] employed." 29 U.S.C. § 207(a)(1).

27. Seadrill Americas failed to maintain accurate time and pay records for Plaintiffs as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

28. Seadrill Americas knew or showed reckless disregard for whether its pay practices violate the FLSA.

29. Seadrill Americas is liable to Plaintiffs for their unpaid overtime wages, liquidated damages and attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

30. All nonexempt rig workers employed by Seadrill Americas during the last three years are similarly situated to Plaintiffs because they (1) had similar job duties; (2) were frequently required to work off-the-clock; (3) regularly worked over of forty hours per week; (4) were not paid overtime for the hours they worked over forty per week as required by 29 U.S.C. § 207(a)(1) and (5) are entitled to recover their unpaid overtime wages, liquidated damages and attorneys' fees and costs from Seadrill Americas pursuant to 29 U.S.C. § 216(b).

**V. Count One—Failure To Pay Overtime in Violation of 29 U.S.C. § 207(a)**

31. Plaintiffs adopt by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

32. During Plaintiffs' employment with Seadrill Americas, they were nonexempt employees.

33. As a nonexempt employees, Seadrill Americas was legally obligated to pay Plaintiffs "at a rate not less than one and one-half times the regular rate at which [they were] employed[]" for the hours that they worked over forty in a workweek. 29 U.S.C. § 207(a)(1).

34. Seadrill Americas did not pay Plaintiffs overtime as required by 29 U.S.C. § 207(a)(1) for the hours they worked over forty in a workweek.

35. Instead, Seadrill Americas refused to pay Plaintiffs for all hours worked and to count that time towards its statutory overtime obligations under 29 U.S.C. § 207 (i.e., they required Plaintiffs to work "off-the-clock").

36. By way of example, Seadrill Americas did not pay Plaintiffs for (or count towards its statutory overtime obligations) the following compensable time:

   a. pre-shift (also known as "pre-tower") safety meetings, which normally lasted at least 30 minutes;

   b. weekly safety meetings, which normally lasted between 45 minutes and 60 minutes;

   c. pre-travel safety meetings (i.e., safety meetings that Plaintiffs were required to attend prior to boarding the helicopter that transported them to the drilling rigs);

   d. time spent traveling from heliports to the drilling rigs;

   e. shift changes; and

   f. fire drills.

37. As a result of these failures, Seadrill Americas did not pay Plaintiffs overtime "at a rate not less than one and one-half times the regular rate at which [they were] employed." 29 U.S.C. § 207(a)(1).

38. If Seadrill Americas classified Plaintiffs as exempt from the overtime requirements of the FLSA, they were misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the FLSA.

39. Seadrill Americas knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA. In other words, Seadrill Americas willfully violated the overtime requirements of the FLSA.

### VI.  Count Two—Failure To Maintain Accurate Records in Violation of 29 U.S.C. § 211(c)

40. Plaintiffs adopt by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

41. The FLSA requires employers to keep accurate records of hours worked by and wages paid to nonexempt employees. 29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

42. In addition to the pay violations of the FLSA described above, Seadrill Americas also failed to keep proper time and pay records as required by the FLSA.

### VII.  Count Three—Collective Action Allegations

43. Plaintiffs adopt by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

44. On information and belief, other employees have been victimized by Seadrill Americas' violations of the FLSA identified above.

45. These employees are similarly situated to Plaintiffs because, during the relevant time period, they were nonexempt, worked on a drilling rig, were

frequently required to work off-the-clock, and were denied overtime wages at one and one-half times their regular rates for hours worked over forty in a workweek.

46.     Seadrill Americas' policy or practice of failing to pay overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances of the putative class members.

47.     Since, on information and belief, Plaintiffs' experiences are typical of the experiences of the putative class members, collective action treatment is appropriate.

48.     All employees of Seadrill Americas, regardless of their rates of pay, who were paid at a rate less than one and one-half times the regular rates at which they were employed for the hours that they worked over forty in a workweek are similarly situated.  Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.  The Class is therefore properly defined as:

> All nonexempt rig workers employed by Seadrill Americas during the last three years.

49.     Seadrill Americas is liable to Plaintiffs and the other nonexempt rig workers it employed for the difference between what it actually paid them and what it was legally obligated to pay them.

50.     Because Seadrill Americas knew and/or showed a reckless disregard for whether its pay practices violated the FLSA, the company owes Plaintiffs and

the other nonexempt rig workers it employed their unpaid overtime wages for at least the last three years.

51.     Seadrill Americas is liable to Plaintiffs and the other nonexempt rig workers it employed in an amount equal to their unpaid overtime wages as liquidated damages.

52.     Seadrill Americas is liable to Plaintiffs and the other nonexempt rig workers it employed for their reasonable attorneys' fees and costs.

53.     Plaintiffs have retained counsel who are well versed in FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of him and all other putative class members.

## VIII.  Jury Demand

54.     Plaintiffs demand a trial by jury.

## IX.  Prayer

55.     Plaintiffs pray for the following relief:

   a. an order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

   b. judgment awarding Plaintiffs and the other nonexempt rig workers all unpaid overtime compensation, liquidated damages, attorneys' fees and costs;

   c. prejudgment interest at the applicable rate;

   d. postjudgment interest at the applicable rate;

   e. incentive awards for any class representative(s); and

 f. all such other and further relief to which Plaintiffs and the other nonexempt rig workers may show themselves to be justly entitled.

Respectfully submitted,

MOORE & ASSOCIATES

By: /s/ Melissa Moore
Melissa Moore
State Bar No. 24013189
Federal Id. No. 25122
Curt Hesse
State Bar No. 24065414
Federal Id. No. 968465
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

 I certify that a true and correct copy of the foregoing document was served on all counsel of record via the Court's CM/ECF system or in another manner authorized by the Federal Rules of Civil Procedure on November 3, 2016.

/s/ Melissa Moore
Melissa Moore