IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DENNIS WOODWARD, ROBERT LAWS, and VERNON L. CROMUEL, Individually and On Behalf of All Others Similarly Situated, <br><br>Plaintiffs, <br><br>v. <br><br>SEADRILL AMERICAS, INC., <br><br>Defendant. | § § § § § § § § § § § § § § § | Civil Action No. 4:16-cv-03022 |

## DEFENDANT SEADRILL AMERICAS, INC.'S ORIGINAL ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendant Seadrill Americas, Inc. ("Defendant") files its First Answer to the First Amended Complaint (the "First Amended Complaint") filed by Plaintiffs Dennis Woodward ("Plaintiff Woodward"), Robert Laws ("Plaintiff Laws") and Vernon L. Cromuel ("Plaintiff Cromuel") (collectively, "Plaintiffs"), and would respectfully show the Court the following:

Defendant admits that Plaintiffs filed this collective action lawsuit on behalf of themselves and all other allegedly similarly situated employees to recover purportedly unpaid overtime wages from Defendant, but Defendant denies that it is liable to Plaintiffs or any of the individuals they purport to represent for any unpaid overtime wages or other damages, as alleged in the preliminary paragraph of Plaintiffs' First Amended Complaint. Defendant further denies that this matter is proper for a collective action or that Plaintiffs are similarly situated to the individuals they purport to represent. Defendant further denies that it violated the FLSA with

1

respect to Plaintiffs or any of the individuals they purport to represent. Defendant denies all remaining allegations in the preliminary paragraph of Plaintiffs' First Amended Complaint.

## I. Nature of Suit

1. Defendant admits that Plaintiffs purport to bring this action under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA"). Defendant denies all remaining allegations in paragraph 1 of the First Amended Complaint.

2. The statements in paragraph 2 of the First Amended Complaint contain only legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in paragraph 2 of the First Amended Complaint.

3. Defendant denies the allegations in paragraph 3 of the First Amended Complaint.

4. Defendant denies the allegations in paragraph 4 of the First Amended Complaint.

5. Defendant admits that Plaintiffs purport to bring this lawsuit under the FLSA on behalf of themselves and all other allegedly similarly situated employees to recover allegedly unpaid overtime wages. Defendant denies that this matter is proper for a collective action or that Plaintiffs are similarly situated to the individuals they purport to represent. Defendant denies that Plaintiffs, or any of the individuals they purport to represent, are entitled to any unpaid overtime wages or other damages. Defendant further denies that it violated the FLSA with respect to Plaintiffs or any of the individuals they purport to represent. Defendant denies all remaining allegations in paragraph 5 of the First Amended Complaint.

## II. Jurisdiction & Venue

6. Defendant admits that the Court has original jurisdiction over actions arising under the FLSA. Defendant denies all remaining allegations in paragraph 6 of the First Amended Complaint.

7. Defendant admits that venue is proper in the Houston Division of the Southern District of Texas because this is the District and Division in which the Defendant resides. Defendant denies all other allegations in paragraph 7 of the First Amended Complaint.

### III. Parties

8. Defendant admits that Plaintiff Woodward was employed by Defendant from April 21, 2008 through May 13, 2016. Defendant is without sufficient knowledge or information to admit or deny the allegations in paragraph 8 of the First Amended Complaint regarding Plaintiff Woodward's current residence, and therefore, Defendant denies all such allegations. Defendant denies all remaining allegations in paragraph 8 of the First Amended Complaint.

9. Defendant admits that Plaintiff Laws was employed by Defendant from October 28, 2013 through the date of this Answer. Defendant is without sufficient knowledge or information to admit or deny the allegations in paragraph 9 of the First Amended Complaint regarding Plaintiff Laws' current residence, and therefore, Defendant denies all such allegations. Defendant denies all remaining allegations in paragraph 9 of the First Amended Complaint.

10. Defendant admits that Plaintiff Cromuel was employed by Defendant from January 20, 2013 through January 3, 2014. Defendant is without sufficient knowledge or information to admit or deny the allegations in paragraph 10 of the First Amended Complaint regarding Plaintiff Cromuel's current residence, and therefore, Defendant denies all such allegations. Defendant denies all remaining allegations in paragraph 10 of the First Amended Complaint.

11. Defendant admits the allegations in paragraph 11 of the First Amended Complaint. Defendant may be served in this action through the undersigned counsel of record.

12. The statements in paragraph 12 of the First Amended Complaint contain legal conclusions, assumptions and/or assertions to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in paragraph 12 of the First Amended Complaint.

## IV. Facts

13. Defendant admits that it does business in the territorial jurisdiction of this Court. Defendant denies all remaining allegations in paragraph 13 of the First Amended Complaint.

14. Defendant admits that it employed Plaintiff Woodward from April 21, 2008 through May 31, 2016 as a welder, that it employed Plaintiff Laws from October 28, 2013 through the date of this Answer as a bosun, and that it employed Plaintiff Cromuel from January 20, 2013 through January 3, 2014 as an engine room operator. Defendant further admits that Plaintiffs worked on drilling rigs during their respective employment periods. Defendant denies all remaining allegations in paragraph 14 of the First Amended Complaint.

15. Defendant admits that it employed Plaintiff Woodward from April 21, 2008 through May 13, 2016 as a welder. Defendant denies all remaining allegations in paragraph 15 of the First Amended Complaint.

16. Defendant admits that it employed Plaintiff Laws from October 28, 2013 through the date of this Answer as a bosun. Defendant denies all remaining allegations in paragraph 16 of the First Amended Complaint.

17. Defendant admits that it employed Plaintiff Cromuel from January 20, 2013 through January 3, 2014 as an engine room operator. Defendant denies all remaining allegations in paragraph 17 of the First Amended Complaint.

18. Defendant admits the allegations in paragraph 18 of the First Amended Complaint.

19. Defendant admits the allegations in paragraph 19 of the First Amended Complaint.

20. Defendant admits that during all or part of Plaintiffs' respective employment periods with Defendant, as applicable, Plaintiffs were paid on an hourly basis. Defendant denies all remaining allegations in paragraph 20 of the First Amended Complaint.

21. Defendant admits that Plaintiffs have worked more than 40 hours in one or more workweeks. Defendant denies all remaining allegations in paragraph 21 of the First Amended Complaint.

22. Defendant admits that it is aware that Plaintiffs worked more than 40 hours in one or more workweeks, but Defendant denies all remaining allegations in paragraph 22 of the First Amended Complaint.

23. Defendant denies the allegations in paragraph 23 of the First Amended Complaint.

24. Defendant denies the allegations in paragraph 24 of the First Amended Complaint.

25. Defendant denies the allegations in paragraph 25 of the First Amended Complaint.

26. Defendant denies the allegations in paragraph 26 of the First Amended Complaint.

27. Defendant denies the allegations in paragraph 27 of the First Amended Complaint.

28. Defendant denies the allegations in paragraph 28 of the First Amended Complaint.

29. Defendant denies the allegations in paragraph 29 of the First Amended Complaint.

30. Defendant denies the allegations in paragraph 30 of the First Amended Complaint.

**V.  Count One—Failure To Pay Overtime in Violation of 29 U.S.C. § 207(a)**

31. Defendant incorporates herein by reference all of its answers and responses in the foregoing paragraphs 1-30, as if set forth fully herein, in response to the allegations in paragraph 31 of the First Amended Complaint.

32. Defendant admits the allegations in paragraph 32 of the First Amended Complaint.

33. The statements in paragraph 33 of the First Amended Complaint contain legal conclusions, assumptions and/or assertions to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in paragraph 33 of the First Amended Complaint.

34. Defendant denies the allegations in paragraph 34 of the First Amended Complaint.

35. Defendant denies the allegations in paragraph 35 of the First Amended Complaint.

36. Defendant denies the allegations in paragraph 36 of the First Amended Complaint.

37. Defendant denies the allegations in paragraph 37 of the First Amended Complaint.

38. Defendant denies the allegations in paragraph 38 of the First Amended Complaint.

39. Defendant denies the allegations in paragraph 39 of the First Amended Complaint.

### VI. Count Two—Failure To Maintain Accurate Records in Violation of 29 U.S.C. § 211(c)

40. Defendant incorporates herein by reference all of its answers and responses in the foregoing paragraphs 1-39, as if set forth fully herein, in response to the allegations in paragraph 40 of the First Amended Complaint.

41. The statements in paragraph 41 of the First Amended Complaint contain legal conclusions and assumptions to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in paragraph 41 of the First Amended Complaint.

42. Defendant denies the allegations in paragraph 42 of the First Amended Complaint.

### VII. Count Three—Collective Action Allegations

43. Defendant incorporates herein by reference all of its answers and responses in the foregoing paragraphs 1-42, as if set forth fully herein, in response to the allegations in paragraph 43 of the First Amended Complaint.

44. Defendant denies the allegations in paragraph 44 of the First Amended Complaint.

45. Defendant denies the allegations in paragraph 45 of the First Amended Complaint.

46. Defendant denies the allegations in paragraph 46 of the First Amended Complaint.

47. Defendant denies the allegations in paragraph 47 of the First Amended Complaint.

48. Defendant denies the allegations in paragraph 48 of the First Amended Complaint.

49. Defendant denies the allegations in paragraph 49 of the First Amended Complaint.

50. Defendant denies the allegations in paragraph 50 of the First Amended Complaint.

51. Defendant denies the allegations in paragraph 51 of the First Amended Complaint.

52. Defendant denies the allegations in paragraph 52 of the First Amended Complaint.

53. Defendant is without knowledge or information sufficient to admit or deny the allegations in paragraph 53 with respect to the FLSA experience of the counsel retained by Plaintiffs or such counsels' intent to litigate this matter vigorously, and therefore, Defendant denies all such allegations. Defendant denies all remaining allegations in paragraph 53 of the First Amended Complaint.

## VIII. Jury Demand

54. Defendant admits that Plaintiffs demand a jury trial in paragraph 54 of the First Amended Complaint.

## IX. Prayer

55. With respect to the "Prayer" section of the First Amended Complaint set forth in items (a)–(f) of paragraph 55 of the First Amended Complaint, Defendant admits that Plaintiffs

seek various recoveries against Defendant on behalf of themselves and the proposed class, as defined by Plaintiffs, but denies that Plaintiffs or the proposed class, as defined by Plaintiffs, is entitled to any relief whatsoever, and further denies that any just or proper basis exists for awarding relief against Defendant and in favor of Plaintiffs or the proposed class, as defined by Plaintiffs.

## X. DEFENSES AND AFFIRMATIVE DEFENSES

56. Each defense and affirmative defense is made without admitting the burden of proof and is stated in the alternative and exists separately from all other defenses and affirmative defenses.

57. To the extent that this matter is allowed to proceed as a collective action, which Defendant denies is appropriate, all defenses and affirmative defenses asserted in this Answer are intended to apply and do apply to all proposed class members, as defined by Plaintiffs.

58. Plaintiffs have failed to identify a proper putative class and have failed to define the putative class with sufficient particularity.

59. This action may not proceed as a collective action under the FLSA because all of the requirements of 29 U.S.C. § 216 for a collective action have not been and cannot be satisfied.

60. A class or collective action is inappropriate because Plaintiffs are not similarly situated to the proposed class, as defined by Plaintiffs, and the proposed class members, as defined by Plaintiffs, are not similarly situated to each other.

61. Plaintiffs are not a proper representative of the purported class Plaintiffs seek to represent, and the purported class is not a class that can properly be certified in this action.

62. Plaintiffs' claims are not proper for class certification because Plaintiffs, as the representative parties, will not fairly and adequately protect the interests of the proposed class, as defined by Plaintiffs.

63. Plaintiffs' claims are not proper for class certification because the questions of law or fact that allegedly are common to the proposed class, as defined by Plaintiffs, will not predominate over any questions affecting only individual members of the proposed class, as defined by Plaintiffs.

64. Plaintiffs' claims are not proper for class certification because a collective action is not superior to other available methods for fair and efficient adjudication of this controversy.

65. Plaintiffs' claims are barred, in whole or in part, by their exempt status under the administrative, executive, and/or highly compensated employee exemptions and/or the seaman exemption under the FLSA and/or its implementing regulations, 29 U.S.C. § 213(a)(1); 29 C.F.R. § 541.601; 29 U.S.C. § 213(b)(6), to which the facts may prove applicable on an individual basis.

66. Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs seek compensation for activities that are either preliminary or postliminary activities that are not integral and indispensable to Plaintiffs' principal work activities.

67. Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs seek compensation for hours worked and for which Defendant already compensated Plaintiffs.

68. Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs seek compensation for hours worked by Plaintiffs while outside of the geographic scope covered by the FLSA.

69. Plaintiffs' claims are barred, in whole or in part, to the extent the amount of alleged unpaid overtime was *de minimis*.

70. Plaintiffs' claims contained in the Amended Complaint are barred, in whole or in part, by the applicable two (2) year statute of limitations, 29 U.S.C. § 255(a).

71. Plaintiffs' claims contained in the Amended Complaint are barred, in whole or in part, by the applicable three (3) year statute of limitations, 29 U.S.C. § 255(a).

72. Defendant did not willfully violate the FLSA with respect to Plaintiffs or any other individual. No action taken by Defendant with respect to Plaintiffs constitutes willful, knowing or reckless disregard of their rights under law.

73. Plaintiffs are not entitled to any liquidated damages because Defendant acted in good faith and had reasonable grounds for believing that any alleged acts or omissions did not violate the FLSA.

74. Plaintiffs' claims are barred in whole or in part because any action taken by Defendant in connection with Plaintiffs' compensation was done in good faith conformance with and reliance upon written and/or other administrative regulations, orders, rulings, approvals, interpretations, practices, or enforcement policies of the Wage and Hour Division of the United States Department of Labor and other related administrative agencies.

75. To the extent Plaintiffs seek remedies against Defendant beyond those available under the statute upon which Plaintiffs' claims are based, such remedies are improper.

76. Defendant reserves the right, upon completion of its investigation and discovery, to file such additional defenses as may be appropriate.

## XI. CONCLUSION

77. WHEREFORE, Seadrill Americas, Inc., prays that the Court dismiss Plaintiffs' First Amended Complaint, that Plaintiffs take nothing by this suit, that all relief prayed for by Plaintiffs in this action be denied, that Defendant recover all costs of court, and that Defendant have such other and further relief, general and special, legal and equitable, to which it may be entitled.

Dated: December 16, 2016

Respectfully submitted,

/s/ Sara C. Longtain
SARA C. LONGTAIN
State Bar No. 24052173
Southern District ID No. 891047
LOCKE LORD LLP
600 Travis Street, Suite 2800
Houston, Texas 77002-3095
(713) 226-1346 (Telephone)
(713) 229-2581 (Facsimile)
slongtain@lockelord.com

**ATTORNEY-IN-CHARGE FOR DEFENDANT SEADRILL AMERICAS, INC.**

Katherine G. Cisneros
State Bar No. 24094591
Southern District ID No. 2717699
LOCKE LORD LLP
600 Travis Street, Suite 2800
Houston, Texas 77002
Tel: (713) 226-1616
Fax: (713) 229-2662
katherine.cisneros@lockelord.com

**OF COUNSEL FOR DEFENDANT
SEADRILL AMERICAS, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of December, 2016, a true and correct copy of the above and foregoing instrument was served upon counsel of record referenced below via the court's electronic filing system.

Melissa Moore
Curt Hesse
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
melissa@mooreandassociates.net
curt@mooreandassociates.net

*/s/ Sara C. Longtain*
Sara C. Longtain