IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DENNIS WOODWARD, ROBERT LAWS, and VERNON L. CROMUEL, Individually and On Behalf of All Others Similarly Situated, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 4:16-cv-03022 |
| SEADRILL AMERICAS, INC., | § § § | |
| Defendant. | § § | |

## JOINT MOTION FOR APPROVAL OF CONFIDENTIAL MEDIATED SETTLEMENT AGREEMENT AND STIPULATION OF DISMISSAL OF LAWSUIT WITH PREJUDICE

Plaintiffs Dennis Woodward, Robert Laws and Vernon L. Cromuel (collectively "Plaintiffs") and Defendant Seadrill Americas, Inc. ("Defendant" or "Seadrill") file this Joint Motion for Approval of Confidential Mediated Settlement Agreement and Stipulation of Dismissal of Lawsuit with Prejudice ("Motion and Stipulation") and in support would show as follows:

### I. INTRODUCTION AND BACKGROUND

On October 11, 2016, Plaintiffs filed this collective action lawsuit (the "Lawsuit") against Defendant Seadrill Americas, Inc. on behalf of themselves and a putative class of Seadrill's nonexempt rig workers. Plaintiffs allege in the Lawsuit that Seadrill failed to pay them and the putative class members overtime for all hours worked in excess of forty (40) in a single workweek in violation of the Fair Labor Standards Act ("FLSA"). Plaintiffs contend Seadrill failed to pay them and the putative class members for 30-minute pre-shift meetings, weekly safety meetings, shift changes, and fire drills. Seadrill denied Plaintiffs' allegations and asserted affirmative and other defenses.

On February 1, 2017, the Court conditionally certified the following class: all nonexempt rig workers employed by Seadrill Americas, Inc. in the last three years; provided that such non-exempt rig worker did not receive notice and the opportunity to join the lawsuit styled *Boleware v. Seadrill Americas, Inc.*, 4:15-cv-02875. Doc. 21. Plaintiffs, along with 25 additional opt-in plaintiffs who are individuals listed on Exhibit A (the "Opt-In Plaintiffs") to the Confidential Mediated Settlement Agreement (the "Settlement Agreement") filed consents to join this Lawsuit. Plaintiffs, along with the Opt-In Plaintiffs, are collectively referred to herein and defined in the Settlement Agreement as the "Eligible Class Members."

On April 13, 2017, Plaintiffs and Seadrill (collectively, the "Parties") participated in formal settlement negotiations through a mediation. Before this time, Seadrill provided extensive, detailed payroll information for Plaintiffs and each of the Opt-In Plaintiffs to the below-signed counsel ("Class Counsel"). On April 21, 2017, the Parties reached a settlement in principal, which was later memorialized in the Settlement Agreement.

Over the life of this Lawsuit, the Parties conducted informal discovery, investigated the supporting facts, and thoroughly studied the legal principles applicable to the claims and defenses asserted. Based upon Class Counsel's investigation, legal evaluation, and assessment of the contested legal and factual issues involved in this Lawsuit, including Class Counsel's understanding of the uncertainties of litigation and the relative benefits conferred upon the Eligible Class Members pursuant to the Settlement Agreement, Class Counsel concluded that this settlement is fair, reasonable, adequate, and in the best interests of the Eligible Class Members.

Without any admission of liability, Seadrill desires to compromise and settle this Lawsuit and all claims by the Eligible Class Members pertaining to the payment of wages during the Class Period (as defined in the Settlement Agreement), including, but not limited to, claims under the

FLSA, or any other federal, state, or local law for alleged unpaid overtime wages, underpaid wages, unpaid wages, liquidated damages or any other damages, penalties, restitution, attorneys' fees, costs, and interest.

As shown through this Motion and Stipulation, the proposed settlement is the result of arm's-length negotiations, conducted by experienced counsel for all Parties, after formally and informally exchanging information, and engaging in substantial negotiations during mediation and the week following mediation. The terms of the Settlement Agreement are reasonable and appropriate and fair to all parties involved. Accordingly, the Parties ask the Court to approve the Settlement Agreement and to enter an order dismissing this Lawsuit with prejudice.

## II.     SETTLEMENT TERMS

As set forth in detail in the attached Settlement Agreement (Exhibit A, filed under seal), the Parties reached a settlement on behalf of all Eligible Class Members. Half of each Eligible Class Member's Settlement Award, as defined in the Settlement Agreement, will be subject to applicable taxes and withholdings and reported on an IRS Form W2. Seadrill will be responsible for their share of taxes, separate and apart from the agreed upon Settlement Award. The other half of each Eligible Class Member's Settlement Award will be reported on an IRS Form 1099.

## III.    ARGUMENT

The Parties now seek Court approval of the Settlement Agreement. The Settlement Agreement represents a fair compromise of a bona fide dispute concerning the legality of Seadrill's compensation practices with respect to the Eligible Class Members.

The FLSA provides that "any employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be." 29 U.S.C. § 216(b). FLSA claims may be compromised after the court reviews and approves a settlement in a private action

for back wages under 29 U.S.C. § 216(b). *Villeda v. Landry's Rests., Inc.,* No. H–08–2287, 2009 WL 3233405, at *1 (S.D.Tex. Oct. 7, 2009) (citing *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor,* 679 F.2d 1350, 1353 (11th Cir.1982)). "If the settlement reflects 'a reasonable compromise over issues,' the court may approve it." *Villeda,* 2009 WL 3233405, at *1 (quoting *Lynn's,* 679 F.2d at 1354). When a court scrutinizes an FLSA settlement agreement, it must determine that the compromise is a fair and reasonable resolution of a bona fide dispute over the FLSA's provisions. *See Lynn's Food Stores,* 679 F.2d at 1355.

### A. BONA FIDE DISPUTE EXISTED

Congress recognized that due to the unequal bargaining power as between employer and employee, certain segments of the population required federal compulsory legislation to prevent private contracts that endangered national health and efficiency and the free movement of goods in interstate commerce. *See Brooklyn Sav. Bank v. O'Neil,* 324 U.S. 697, 706–07, 65 S.Ct. 895, 89 L.Ed. 1296 (1945) (requiring Court or Department of Labor approval for FLSA settlements, and explaining the low standard for judicial review when the parties are represented by counsel); *see also Evans v. Jeff D.,* 475 U.S. 717. 726-27 (1986) (in deciding whether the proposed settlement reflects a "reasonable compromise" of a bona fide dispute, the Court may either accept or reject it, but should not require the parties to accept any revisions or modifications to the agreement). Due to this unequal bargaining power, Courts must ensure that a settlement agreement, following an FLSA claim, is the product of a bona fide dispute.

In the instant case, the Parties contested the claims and defenses asserted. Plaintiffs alleged that Eligible Class Members were not paid overtime for 30-minute pre-shift meetings held prior to the start of each shift, weekly safety meetings, shift changes, and fire drills. Seadrill argued that the claims of the Plaintiffs and the putative class were barred, in whole or in part, because the

4

alleged periods of unpaid work time were either already compensated by Seadrill or, during such periods, Plaintiffs and the putative class were engaged in preliminary activities that were not integral and indispensable to Plaintiffs' principal work activities, and, therefore, were not compensable.

The Parties further disagreed on whether Plaintiffs could satisfy their burden to demonstrate that Seadrill acted willfully, which in turn affects whether Plaintiffs could recover compensation for two (2) years or three (3) years. *See* 29 U.S.C. § 255. Plaintiffs also contend that Seadrill would not be able to meet its burden to prove that it acted in good faith, which would implicate the amount, if any of liquidated damages. *See* 29 U.S.C. § 260. Seadrill maintained that, at all times, it acted in good faith, and damages (if any) should be unliquidated and be recovered only for a two (2) year period.

The current settlement before the Court is the result of a bona fide and contested dispute where serious questions of law and fact exist which place the ultimate outcome of the litigation in doubt.

### B. **FAIR AND REASONABLE SETTLEMENT**

In determining whether the settlement is fair and reasonable, the Court should note that "there is a 'strong presumption in favor of finding a settlement fair.'" *Domingue v. Sun Elec. & Instrumentation, Inc.*, 2010 WL 1688793, at *1 (M.D.La.2010) (citing *Camp v. Progressive Corp.*, 2004 WL 2149079, at *5 (E.D.La.2004)). As well, "that th[e] settlement is the negotiated result of an adversarial proceeding is an indication of its fairness." *Id.*

The Settlement Agreement was negotiated by attorneys who have been vigorously prosecuting and/or defending this and similar claims for many years. Both Class Counsel and Counsel for Seadrill, as applicable, have had considerable experience in prosecuting, defending,

5

and settling federal and state wage and hour claims previously, and in this case, were particularly well informed as to the facts and circumstances of the Lawsuit. *Austin v. Pennsylvania Dep't of Corrs.*, 876 F.Supp. 1437, 1472 (E.D. Pa. 1995) ("in determining the fairness of a proposed settlement, the court should attribute significant weight to the belief of experienced counsel that settlement is in the best interests of the class"); *In re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions*, 410 F. Supp. 659 (D. Minn. 1974) ("The recommendation of experienced antitrust counsel is entitled to great weight."); *Fisher Brothers v. Phelps Dodge Indus., Inc.*, 604 F. Supp. 446 (E.D. Pa. 1985) ("The professional judgment of counsel involved in the litigation is entitled to significant weight.").

After the Parties reached an agreement on the settlement, the Parties engaged in continuous negotiations concerning the specific terms of the settlement and the scope of the Settlement Agreement. Further, it is important to note that Plaintiffs, on behalf of the Opt-In Plaintiffs, deems this settlement fair and reasonable.

## IV. **CONCLUSION**

The Parties believe that the terms and conditions of the Settlement Agreement are fair, reasonable, adequate, beneficial, and in the best interests of all parties. As noted above, this proposed Settlement Agreement was reached following the exchange of information and data and after extensive negotiations. Because of the various defenses asserted by Seadrill and the possibility that Seadrill may have successfully defeated or limited some or all of the Eligible Class Members' claims, including those claims related to willfulness, liquidated damages, and compensation for unpaid overtime, the Parties believe that the settlement represents a fair compromise of a bona fide dispute. Moreover, given the strong likelihood that absent a settlement, this case would have proceeded to trial, a compromise of the claims prevents all parties from incurring the additional costs and delay associated with trial and possibly appeal.

6

Plaintiffs hereby requests that the Court: (1) approve this settlement, including all of the terms set forth in the Settlement Agreement and (2) dismiss this Lawsuit and the claims of all Eligible Class Members with prejudice.

Respectfully submitted,

*/s/ Melissa Moore*
Melissa Moore
State Bar No. 24013189
Federal ID No. 968465
Curt Hesse
State Bar No. 24065414
Federal ID No. 968465
Rochelle Owens
State Bar No. 24048704
S.D. Tex ID No. 590507
Lyric Center
440 Lousiana Street. Suite 675
Houston, TX 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

COUNSEL FOR PLAINTIFFS

Respectfully submitted,

*/s/ Sara G. Longtain*
Sara G. Longtain
State Bar No. 24052173
Southern District ID. No. 891047
Katherine G. Cisneros
State Bar No. 240945914
Southern District ID No. 2717699
Kristin N. Volentine
State Bar No. 24102612
Southern District ID No. 3005043
600 Travis Street, Suite 2800
Houston, Texas 77002
Telephone: (713) 226-1346
Facsimile: (713) 229-2581

COUNSEL FOR DEFENDANT

**CERTIFICATE OF CONFERENCE**

I certify that I have conferred with counsel for Seadrill Americas, Inc. about this motion, the relief sought and the exhibits attached, and that Seadrill is unopposed to the relief sought and joins this motion.

*Melissa Moore*
Melissa Moore

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically transmitted the attached document to the Clerk of Court using the ECF system for filing.

*Melissa Moore*
Melissa Moore